IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00315-RJC
(3:11-cr-00230-RJC-1)

| | |
|---|---|
| WILLIAM SEDRICK ROLLERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion to stay the disposition of Petitioner's § 2255 Motion to Vacate. (Doc. No. 3: Motion to Stay). Petitioner does not oppose the motion.

In his § 2255 Motion to Vacate, Petitioner challenges his designation as an armed career criminal, 18 U.S.C. § 924(e), relying on the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015), in which the Court struck down the residual clause of the Armed Career Criminal Act (ACCA), after concluding that it violated due process because it was unconstitutionally vague. Petitioner contends that two of his predicate, South Carolina convictions – strong-arm robbery and armed robbery – are no longer valid convictions that can support his designation as an armed career criminal in light of the holding in Johnson.

In the motion to stay, Respondent cites United States v. Doctor, No. 15-4764 and United States v. Weston, No. 15-4744, which are currently pending before the Fourth Circuit and address whether the South Carolina convictions are still valid following Johnson. Because disposition of these Fourth Circuit cases may have a bearing on Petitioner's § 2255 Motion to

1

Vacate, the motion to stay will be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay is **GRANTED**, (Doc. No. 3), and Respondent shall have 60-days from the date the Fourth Circuit renders decisions in <u>Doctor</u> and <u>Weston</u> to file a response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED**.

Signed: December 19, 2016

Robert J. Conrad, Jr.
United States District Judge